FILED
United States Court of Appeals
Tenth Circuit

April 9, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re APPLICATION OF MICHAEL
WILSON & PARTNERS, LIMITED,
FOR JUDICIAL ASSISTANCE
PURSUANT TO 28 U.S.C. 1782,

      Applicant.

------------------------------------------------

MICHAEL WILSON & PARTNERS,
LIMITED,

      Applicant-Appellee,

v.

SOKOL HOLDINGS, INC.; FRONTIER
MINING, LTD.; BRIAN C. SAVAGE;
THOMAS SINCLAIR,

      Respondents-Appellants.

No. 12-1238
(D.C. No. 1:06-CV-02575-MSK-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This appeal concerns reimbursement for costs and attorney's fees incurred in responding to subpoenas seeking evidence for use in foreign proceedings. The district court awarded appellants only part of the costs they requested and no attorney's fees. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.    BACKGROUND

Michael Wilson and Partners, Limited (MWP), appellee here, is an international law firm based in Kazakhstan. Appellants are two Colorado-based entities, Sokol Holdings, Inc. and Frontier Mining, Ltd., and their principal officers, Brian Savage and Tom Sinclair. Sokol and Frontier were MWP clients and worked together with MWP in developing mineral and oil projects. According to MWP, Sokol and Frontier were to compensate the firm for its services with interests in the underlying ventures, but three MWP attorneys left the firm, began providing services to Sokol and Frontier, and received compensation, including venture interests, that was due or promised to MWP.

MWP then initiated legal proceedings in England and Australia against the three former attorneys.[1] To aid its prosecution of those foreign proceedings, MWP filed, in the United States District Court for the District of Colorado, an application

---

[1]     In addition to the English and Australian proceedings, MWP was engaged in an arbitration in England with one of the former attorneys. Further, Mr. Sinclair commenced an action in the Bahamas seeking a declaration that he, not MWP, is the owner of 14.75 million shares in a project involving Max Petroleum Plc. MWP also initiated related proceedings regarding ownership of Max Petroleum shares in the British Virgin Islands and in Jersey (Channel Islands).

- 2 -

for judicial assistance in obtaining evidence from appellants pursuant to 28 U.S.C. § 1782. In relevant part, § 1782 authorizes a district court, "upon the application of any interested person," to order a person residing or found in the district to give "testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." The district court granted MWP's application, and MWP served subpoenas on appellants. When appellants resisted responding, MWP filed a motion to compel compliance with the subpoenas.

The matter was referred to Magistrate Judge Michael E. Hegarty, who in 2007 quashed the subpoenas as to Mr. Savage and Mr. Sinclair but ordered Sokol and Frontier to provide depositions and certain documents. Magistrate Judge Hegarty also considered the parties' arguments about potential costs and attorney's fees, which appellants suggested could be as much as $300,000. Although he declined to "set forth parameters" at the time, he warned MWP to "be prepared to share equally the cost of imaging, preserving, searching, and producing the requested documents." Aplt. App. at A25. He further stated that he did "not believe that an award of attorney's fees for document review is appropriate in this case, particularly given [appellants'] position that they are already participating parties in some of the foreign proceedings, as well as their obvious interest in the outcome of th[e] foreign proceedings." *Id.* Appellants objected to the order, but the district court affirmed it and also denied appellants' motion to reconsider its affirmance.

Appellants engaged the law firm Dorsey & Whitney to handle their responses to the subpoenas. Dorsey retained a litigation consulting firm, KPMG, which created a searchable database to identify potentially responsive documents, a large quantity of which were stored electronically. When difficulties arose with the KPMG database, Dorsey manually reviewed appellants' documents instead. Approximately 325,000 documents were reviewed and 15,000 produced. Appellants also provided one witness for a Rule 30(b) deposition.

After Dorsey billed appellants some $2.8 million for its services, appellants hired another law firm, Marcus & Auerbach (M&A). As part of its services, M&A was able to negotiate a substantial reduction in the KPMG bill. Appellants also filed a declaratory judgment action against Dorsey in Delaware state court, seeking a declaration that the amount charged was unreasonable and a determination of the proper amount owed. That case went to trial in 2010, and appellants state that the trial judge has reserved decision.

In the § 1782 action, appellants moved the district court for an award of $558,177 in attorney's fees and $1,592,876 in costs, broken down as follows:

Attorney's fees:

- $20,078 M&A time in the § 1782 action;
- $20,861 Dorsey time retaining, briefing, and instructing KPMG;
- $25,579 Dorsey time devising and negotiating search terms;
- $182,024 Dorsey time dealing with KPMG anomalies;
- $86,786 Dorsey time on anti-suit injunctions and quashing personal depositions in the § 1782 action;
- $25,684 Dorsey time on initial review and advice on subpoena;

- $27,623 Dorsey time preparing for subpoena response in § 1782 action; and
- $169,542 Dorsey time spent for set up, data capture, and to inform and instruct the review team.

Costs:

- $506,307 in KPMG costs, comprised of $425,323 in costs and $80,984 in M&A attorney fees to negotiate a reduction in the KPMG bill from $734,687;
- $1,214 for unspecified M&A costs;
- $96,224 for Dorsey costs; and
- $989,131 for contract reviewers and paralegals to do the Dorsey manual review.

The basis for the request was Rule 45(c)(2)(B)(ii) of the Federal Rules of Civil Procedure, which in relevant part directs that a court order commanding a person to produce documents "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Appellants claimed that the requested amounts related only to work directly related to imaging, preserving, searching, and producing documents.

Appellants' motion was referred to Magistrate Judge Kathleen M. Tafoya, who recommended denying attorney's fees but allowing $425,323 in KPMG costs and $1,849.96 in miscellaneous costs (a total of $427,172.96), to be shared equally between MWP and appellants. Appellants filed objections, claiming they were entitled to (1) some, if not all, of the attorney's fees; (2) $989,131 in Dorsey costs for the manual review; (3) all of the allowed costs, not merely half; (4) $80,984 in M&A fees for negotiating the reduction in the KPMG bill; and (5) an additional $1,214 in M&A costs. The district court overruled the objections, adopted the

- 5 -

recommendation, and ordered MWP to pay appellants $213,586.48 (half of the allowed total of $427,172.96).  This appeal followed.

## II.    DISCUSSION

We review a district court's decision regarding costs and attorney's fees for an abuse of discretion, but we review de novo any legal conclusions underlying that decision.  *Pound v. Airosol Co.*, 498 F.3d 1089, 1100-01 (10th Cir. 2007); *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998).  Although Rule 45(c)(2)(B)(ii) protects a nonparty subpoena respondent from "significant expense," expenses, including attorney's fees, must be reasonable.  *See United States v. Columbia Broadcasting Sys., Inc.*, 666 F.2d 364, 371 n.9 (9th Cir. 1982) (listing "reasonableness of the costs of production" among the factors a court can consider when deciding whether to award a nonparty its costs in responding to subpoena); *Georgia-Pacific LLC v. Am. Int'l Specialty Lines Ins. Co.*, 278 F.R.D. 187, 190 (S.D. Ohio 2010) (explaining that nonparty's legal fees are considered a reimbursable expense under Rule 45(c)(2)(B)).

Appellants first argue that the district court erred in treating, as law of the case, Magistrate Judge Hegarty's pronouncement that an award of attorney's fees for document review was not appropriate.  We need not decide this issue.  To be sure, the district court stated that Magistrate Judge Hegarty's ruling was the law of the case and that the court would give that ruling significant weight in its decision whether to award attorney's fees.  But the court also provided an independent reason for

declining to award fees, including the $989,131 that appellants categorized as costs for the manual review but which included fees for contract attorneys and paralegals— that appellants failed to show which of the attorney's fees (or manual review "costs") were reasonable. We agree. As the district court said, appellants "provide[d] no specific argument or evidence" that any of the fees were reasonable. Aplt. App. at A563. Instead, they "provided broad categories of fees incurred and asserted that they [were] reasonable and necessarily incurred in responding to the subpoenas" and "rel[ied] solely on evidence showing that such amounts were billed and paid." Aplt. App. at A563-64. As to the costs of the manual review, the court added that "[t]here is no basis, other than sheer speculation, to separate the wheat from the chaff with respect to this item." *Id.* at A566. Thus, the court clearly moved beyond Magistrate Judge Tafoya's recommendation that nothing required reconsideration of Magistrate Judge Hegarty's ruling denying attorney's fees, which the district court had in effect twice affirmed, and the court provided an adequate, independent basis for denying all attorney's fees and denying any costs or fees associated with the manual review.

Appellants contend that they were wholly unable to inform the court what attorney's fees were reasonable because they only had Dorsey's unreasonable bills. They further claim the district court should have awaited the outcome of the Delaware litigation and used that court's determination of what fees were reasonable, not as a binding judgment as to MWP (a non-party to the Delaware case), but as a starting point for analyzing reasonableness and necessity. We disagree. Appellants

did not provide, nor do we see, any reason they could not give the district court a detailed explanation as to what fees they thought were reasonable, even absent a decision from the Delaware court. In fact, the district court noted appellants' assertion in their pretrial memorandum in the Delaware case that "the total cost of [Dorsey's] § 1782 representation and production" should have been "approximately $571,187." *Id.* at A288.

In that memorandum, which was filed more than a year before appellants' motion for fees and costs in the § 1782 action, appellants comprehensively explained why Dorsey's fees were unreasonable, going so far as to provide concrete numbers for what they felt were unreasonable fees, including the costs or fees involved in the manual review. *See* Aplt. App. at A285-88. Appellants further promised the Delaware court that they would "proffer to the Court an analysis that reflects what a reasonable fee would have been if the work had been done competently." *Id.* at 286 n.2. Thus, despite appearing capable of producing their own detailed view of which Dorsey fees were reasonable, appellants did not provide any such analysis to the Colorado district court.

Notably, it was MWP, not appellants, who submitted the Delaware pretrial memorandum to the district court. And appellants have not argued that the district court should have considered that memorandum when analyzing whether their requested fees and costs were reasonable. The few invoices for attorney's fees that appellants did submit in support of their motion were summary in nature, stating

lump sums for periodic legal services without any itemization. That was insufficient. *See Case*, 157 F.3d at 1250 (stating general rule that one who seeks attorney's fees must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks").

Appellants also argue that the district court erred in its analysis of two factors bearing on the attorney's fee issue—that they had the ability to control the cost of the document review and that they had an interest in the foreign litigations for which the subpoenas were issued. The court determined that these weighed against an award of attorney's fees. We need not consider these arguments because, as stated, the district court moved beyond the threshold question whether to award attorney's fees and determined that appellants failed to show which of their claimed fees (and "costs" of the manual review) were reasonable.

Appellants further contend that the district court erred in awarding them only half of the allowed costs. Their argument rests on the proposition that awarding only half of the allowed costs means they will not receive reimbursement for more than 90% of their costs and attorney's fees, which is the sort of "significant expense" Rule 45(c)(2)(B)(ii) guards against. But this percentage analysis assumes, rather than demonstrates, that all of their requested costs and attorney's fees are reasonable. It also overlooks the district court's rationale for ordering the parties to share in the allowed costs, the lion's share of which were costs for the KPMG system. The court

reasoned that, even though appellants would have had no need for the KPMG system but for MWP's subpoenas, the system benefitted both parties by potentially reducing document production costs, which Magistrate Judge Hegarty had warned the parties they should be prepared to share In addition, as MWP pointed out below, the payment to KPMG to create a database ultimately did not benefit MWP because the database was not used to review documents; in that circumstance, splitting the database cost between the parties on the ground that the database was intended to benefit everyone seems eminently fair to Appellants. We see no abuse of discretion in this determination or in the court's ultimate decision to split the allowed costs.

Finally, appellants claim that the district court gave no valid reason why MWP should not reimburse them for the $80,984 in M&A attorney's fees for negotiating a reduction in the KPMG bill from $715,629 to $425,323. We disagree. Magistrate Judge Tafoya recommended denying these fees because appellants had entered into an unreasonable compensation agreement with KPMG, and MWP should not have to pay for fees incurred in reducing the bill to a more reasonable amount. The district court found no reason to deviate from that recommendation. Appellants have not explained why this reason was not valid.

## III. CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court


David M. Ebel
Circuit Judge